IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMDOCS, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JENNIFER MADELINE** | : | **NO. 14-5339** |

**MEMORANDUM OPINION**

Savage, J.                                                                                   January 26, 2015

      Plaintiff, Amdocs, Inc. ("Amdocs") brings this misappropriation of trade secrets action against its former employee, Jennifer Madeline, who is now working for a competitor. Amdocs alleges that Madeline disclosed confidential information to her new employer, NetCracker Technology Corporation ("NetCracker"), and interfered with Amdocs' contractual relationship with both a current and a former employee.

      Madeline has moved to dismiss the tortious interference with contract claim. She argues that Amdocs has failed to sufficiently allege that it has suffered harm due to a contractual breach.

      Madeline contends that the second count of Amdocs' first amended complaint should be dismissed because it has failed to sufficiently allege facts establishing a tortious interference with contract claim. She argues that Amdocs has not alleged that Kevin Freeman, a former Amdocs employee, breached his non-competition agreement. Concerning Dean Tallman, an Amdocs employee, Madeline argues that Amdocs has not alleged that he breached any contract with Amdocs. She also contends that the amended complaint has not alleged that Amdocs has suffered any harm.

Amdocs has not stated a tortious interference claim as to Madeline's contacts with Tallman, but it has done so as to Freeman. Therefore, we shall deny Madeline's motion.

To state a claim for tortious interference with contract, Amdocs must allege facts showing that: (1) a contract between it and a third party existed; (2) Madeline intentionally and improperly interfered with the performance of that contract by inducing or otherwise causing the third party not to perform; (3) Madeline's conduct was not privileged or justified; and (4) it suffered actual harm as a result of the third party's breach. *Beidleman v. Stroh Brewery Co.,* 182 F.3d 225, 234-35 (3d Cir. 1999); *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 703 (E.D. Pa. 2002).

With respect to Tallman, Amdocs alleges that: (1) Madeline engaged in "efforts to recruit" Tallman to work for NetCracker; (2) she knew or should have known that Tallman had signed a non-competition agreement with Amdocs; (3) Tallman had access to confidential information that he would inevitably use at NetCracker; (4) Madeline knew that Tallman possessed Amdocs' confidential information; and (5) Madeline intended to harm Amdocs by recruiting Tallman to work for NetCracker. Am. Compl. ¶¶ 75-78.

Lacking are facts suggesting that Madeline's efforts were successful in causing Tallman to breach his non-competition agreement with Amdocs. Nor are there allegations that Amdocs suffered any harm resulting from a breach of contract by Tallman. Accordingly, Amdocs has not stated an intentional interference claim with respect to Tallman.

Conversely, Amdocs has sufficiently pled that Madeline tortiously interfered with its contractual relationship with Freeman.  Madeline contends that Amdocs has failed to allege that Freeman breached the non-competition agreement when he left Amdocs to work for NetCracker.  Amdocs attached Freeman's non-competition agreement to its amended complaint, which we may consider.  *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  The agreement prohibits Freeman, for a period of six months, from "work[ing] for . . . any competitor of the Company in a capacity where [he] provides [*sic*] service, advice or assistance, in competition with the Company."  Am. Compl., Ex. 4 (Freeman Non-Competition Agreement); Am. Compl. ¶ 81.  In essence, it alleges that Freeman has breached the agreement by working for a direct competitor, NetCracker, less than six months after leaving its employ.  *See* Am. Compl. ¶ 58.  This allegation is sufficient.

Madeline also argues that Amdocs failed to sufficiently allege actual harm.  She contends that Amdocs' allegation that it was harmed because Freeman left it employ is "irrelevant."  Def.'s Mot. to Dismiss at 4 (Doc. No. 29).  To satisfy the harm element of its tortious interference claim, Amdocs must allege actual, legal harm.  *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004); *Pawlowski v. Smorto*, 588 A.2d 36, 39-40 (Pa. Super. Ct. 1991).  It has done so.  Amdocs alleges that, due to Freeman's departure, it has suffered damages which include "the time, expense and cost to identify, train and educate a satisfactory qualified replacement who has a similar level of knowledge of Confidential Information as Freeman."  Am. Compl. ¶ 81.  This is sufficient to allege that Amdocs was harmed by

Freeman's departure.  Therefore, we shall deny the motion to dismiss the tortious interference with contract claim.